UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES BLUE BIRD,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JUDGE HIEDI LENINGREN, JUDGE THOMAS TRIMIBLE, JUDGE ROBERT A. MANDEL, JUDGE JEFF W. DAVIS, D.C.I. TRACEY DOLLISON DECKER, D.C.I. ROBERT BURMAN, R.C.P.D. DAVID COLLINS, KELLY VENEKLASEN, D.C.I. KIETH CARLSON, CHIEF KEVIN THOM, GOVERNOR DENNIS DAUGAARD, CLERK OF COURTS RANAE TRUMAN, CLERK OF COURTS HEATHER SUZANNA, JESSE CULBERTSON, CASEY KENDRICK, P.C.J. CAPT. HAGA, P.C.J. C.O. STEEL, and S.G.T. STEEL,<br><br>　　　　　　Defendants. | CIV. 15-5022-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS* |

　　　Plaintiff Charles Blue Bird, an inmate at the Pennington County Jail in Rapid City, South Dakota, filed a multiple count complaint against the defendants.  (Docket 1).  Mr. Blue Bird moves for leave to proceed *in forma pauperis* and submitted a current copy of his prisoner trust account report. (Dockets 2 & 3).

　　　Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma pauperis*.  When a prisoner files a civil action *in forma pauperis*, the PLRA

requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Blue Bird provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 4). The report shows an average monthly deposit for the past six months of $20.00, an average monthly balance for the past six months of $0.00, and a current balance of $0.00. Id. In light of this information, the court finds Mr. Blue Bird is indigent, qualifies for *in forma pauperis* status and is not required to make an initial partial filing fee payment. These findings do not discharge the $350 filing fee but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished)

(citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief [from] a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a complaint under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous because "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

Because Mr. Blue Bird is proceeding *pro se,* his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Blue Bird used a Civil Rights Complaint By A Prisoner form. (Docket 1). Under Section A. Jurisdiction, Mr. Blue Bird did not check the box asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 1983; or 1(b) 28 U.S.C. § 1331, or Bivens v. Six Unknown Federal Narcotics Agents, 403

U.S. 388 (1971); or 1(c) Other.  Id. at p. 1(a), (b) & (c).  After "Other: (Please specify.)"  Mr. Blue Bird wrote "Blue Bird vs Hiedi Leningren."  Id.  The court's analysis presumes Mr. Blue Bird intended to bring this action under § 1983.

Mr. Blue Bird's complaint contains three separate counts.  Count 1 alleges his "Constitutional Rights Violated [and] Civil Rights as a Human Being were violated."  (Docket 1 at p. 4).  On the complaint form for the designation of the issues presented, Mr. Blue Bird checked "Retaliation" and "Other," after which he wrote "Harassment Racism Cruel & Unusual Punishment."  Id.  Mr. Blue Bird claims that jail employees accepted bribes.  Id.  He claims he was harassed by jail employees, including those paid by "agents" to coerce him into a plea deal.  Id.  Mr. Blue Bird alleges he was harassed and pushed by SGT Steel and choked by C.O. Steel.  Id.  Mr. Blue Bird claims injuries of "mental, stress, emotion[al] distress, can't sleep at night[.]"  Id.

Count 2 alleges "Constitutional Rights were violated [and] Civil Rights as a Human Being [were] violated."  (Docket 1 at p. 5).  On the complaint form for the designation of the issues presented, Mr. Blue Bird checked "Other" and wrote "Discrimination."  Id.  He alleges he was forced to give a urine sample in violation of his Fourth Amendment rights.  Id.  He complains that South Dakota Governor Dennis Daugaard and Kevin Thom had him extradited from Oregon.  Id.  He alleges Jesse Culbertson made a false report and had him arrested.  Id.  He complains about Congress stealing the Black Hills from the Lakota as well as racism and oppression in general.  Id.  Mr. Blue Bird claims

4

injuries of "traumatize, mental, stress, suffer & pain[,] can't sleep at night [and] emotional distress."  Id.

Count 3 alleges "Constitutional Rights Violated [and] Civil Rights as a Human Being" were violated.  (Docket 1 at p. 6).  On the complaint form for designation of the issues presented, Mr. Blue Bird checked "Other" and wrote "Discrimination accepting briberys [sic] officers."  Id.  He alleges that defendant judges accepted bribes, committed racial profiling and human trafficking, violated his Fourth Amendment rights, and violated due process by forcing him to provide a urine sample and extraditing him from Oregon.  Id.  Mr. Blue Bird alleges that the jail staff threatened his life in order to force him to provide a urine sample and took the sample by force.  Id.  Mr. Blue Bird claims injuries of "Headaches, traumatize, suffer & pain Mental, Post traumatic stress[.]"  Id.

In the request for relief section of the complaint, Mr. Blue Bird seeks money damages of five million dollars.  Id. at p. 7.

The essential elements of any § 1983 claim are: (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right.  Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001).  Mr. Blue Bird's complaint contains only insufficient repetitive, unsupported accusations that the defendants harmed him.  "Threadbare recitals . . . supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  Mr. Blue Bird's complaint alleges only general,

5

unsupported claims of racism and oppression, jailhouse harassment and retaliation, improper extradition from Oregon and the unauthorized taking of his urine.   Each count is addressed in turn.

Count 1 of Mr. Blue Bird's complaint fails to state a claim of retaliation upon which relief may be granted.  "At a minimum . . . a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations."  <u>Springdale Educ. Ass'n v. Springdale Sch. Dist.</u>, 133 F.3d 649, 651 (8th Cir. 1998).   A complaint that fails to "allege sufficient facts upon which a retaliatory animus could be inferred" should be dismissed. <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1129 (8th Cir. 1996).  Mr. Blue Bird does nothing more than state that defendants retaliated against him.  The supplemental documents provided by Mr. Blue Bird demonstrate that he was punished for numerous rule infractions.   (<u>See</u> Dockets 6 at pp. 8-10; 8; 9; 10; 11; 12; 13; 14; 15; & 16).   Because his complaint does not state sufficient facts, Mr. Blue Bird fails to state a claim upon which relief may be granted in count 1.

Counts 2 and 3 of Mr. Blue Bird's complaint, at this juncture, fail to state a claim upon which relief may be granted.   Mr. Blue Bird alleges jailhouse harassment and retaliation, improper extradition from Oregon and the unauthorized taking of his urine.   Mr. Blue Bird complains his Fourth Amendment and due process rights were violated when he was extradited from Oregon.   The United States Court of Appeals for the Eighth Circuit held § 1983 "provides a remedy for improper extradition in violation of the extradition clause

and statute." Brown v. Nutsch, 619 F.2d 758, 764 (8th Cir. 1980). However, the court also reasoned:

> Where the alleged fugitive has been subsequently constitutionally convicted in the demanding state, something more than mere noncompliance with the extradition statutes would have to be shown to provide a basis for compensatory damages, since if there is probable cause to arrest that person and try him on charges pending in the demanding state and he is subsequently convicted, there appears to be no basis for damages absent special circumstances or physical harm.

Id.

Mr. Blue Bird's complaint, liberally construed, argues that his extradition violated the federal extradition clause and statute. Mr. Blue Bird does not provide any facts concerning the circumstances of his extradition. He only makes conclusory statements which are insufficient. See Iqbal, 556 U.S. at 678. At this juncture, the court is unable to determine whether Mr. Blue Bird's constitutional rights were violated by his extradition from Oregon.

Mr. Blue Bird also claims that the taking of his urine sample violated his constitutional rights. The Eighth Circuit held that random urinalysis testing of inmates does not violate the Fourth Amendment because the testing furthers the prison's legitimate security interest and inmates have diminished expectations of privacy. Levine v. Roebuck, 550 F.3d 684, 687 (8th Cir. 2008) (citing Spence v. Farrier, 807 F.2d 753, 755 (8th Cir. 1986)). Mr. Blue Bird does not explain why he was subjected to a urinalysis, who performed it or where he was tested.

Without more specific information, the court is unable to determine whether Mr. Blue Bird's constitutional rights were violated by the taking of his urine.

All of Mr. Blue Bird's claims against defendant judges named in count 3 fail due to the doctrine of judicial immunity. Judges are immune from suit, including § 1983 suits, with two narrow exceptions. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). Mr. Blue Bird alleged no facts indicating that either exception applies to his case. Mr. Blue Bird fails to state a claim on which relief may be granted against any of the defendant judges.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. Because Mr. Blue Bird's allegedly unlawful extradition and urine collection may give rise to valid § 1983 claims, the court grants him twenty-one (21) days to amend those portions of his second and third claims. Mr. Blue Bird should identify, with specificity, the factual circumstances surrounding each claim. The court finds the remainder of Mr. Blue Bird's claims are frivolous and fail to state a claim upon which relief can be granted. See Neitzke, 490 U.S. at 327.

Although the court has not yet assessed Mr. Blue Bird a strike under § 1915 (g) for filing his complaint, Mr. Blue Bird is warned that the court reviews prisoner complaints to determine if they are frivolous, malicious or unfounded.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Accordingly, it is

ORDERED that Mr. Blue Bird's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Blue Bird shall, whenever the amount in Mr. Blue Bird's trust account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1), count 1 of Mr. Blue Bird's complaint (Docket 1) is dismissed as frivolous and for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Mr. Blue Bird shall amend the portions of counts 2 and 3 of his complaint relating to his extradition and urinalysis claims by **March 31, 2016**.

IT IS FURTHER ORDERED that if Mr. Blue Bird fails to comply with this order the court will, without further notice, dismiss the remaining claims in the complaint with prejudice.

IT IS FURTHER ORDERED that Mr. Blue Bird's motion requesting to add additional defendants to his complaint (Docket 5) is denied unless he can show with specificity good cause why additional defendants, beyond the eighteen he has already identified, are necessary parties to his suit.

Dated March 9, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE